UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANQUENITA S. HALL, | No. 2:18-cv-2488-MCE-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WENDY SMITH, CPS Worker; BRIAN BOUKNIGHT, CPS Supervisor, | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] ECF No. 2 & 7. She has also filed a request to file documents electronically (ECF No. 6) and motions seeking to transfer her state court child custody case to federal court (ECF No. 9) and compel defendant Solano County Child Protective Services to produce documents (ECF No. 11). For the reasons provided below, plaintiff's application to proceed *in forma pauperis* is granted, her motions are denied, and her second amended complaint[2] is dismissed with leave to amend.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff amended her complaint twice before the court had an opportunity to screen her prior complaints.

1    I.      Application to Proceed *in Forma Pauperis* and Motion to File Electronically

2            Plaintiff's application to proceed *in forma pauperis* application makes the showing

3    required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, her request to proceed

4    *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

5            Plaintiff's request to file documents electronically with the court is denied.  ECF No. 6.

6    Local Rule 133 requires pro se parties to file and serve paper documents unless the assigned

7    district judge or magistrate judge grants permission to file electronically.  E.D. Cal. L.R. 133(a),

8    (b)(2).  Here, plaintiff has demonstrated an ability to file documents conventionally, and there are

9    no circumstances warranting a deviation from the local rule.  Accordingly, the request is denied.

10   II.     Screening Requirement

11           Determining that plaintiff may proceed *in forma pauperis* does not complete the required

12   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

13   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

14   which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

15   further below, plaintiff's second amended complaint must be dismissed for failure to state a

16   claim.

17           Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

18   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

19   fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

20   *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

21   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

22   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

23   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

24   relief above the speculative level on the assumption that all of the complaint's allegations are

25   true."  *Id*. at 555 (citations omitted).  Dismissal is appropriate based either on the lack of

26   cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

27   theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

28   /////

1    Under this standard, the court must accept as true the allegations of the complaint in

2  question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the

3  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

4  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading

5  requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a

6  complaint to include "a short and plain statement of the claim showing that the pleader is entitled

7  to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

8  which it rests."  *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

9    Liberally construed, plaintiff's second amended complaint alleges that defendant Solano

10  County Child Protective Services ("CPS") removed her children from her care shortly after she

11  moved into a home for domestic violence victims.  ECF No. 12 at 5.  Plaintiff claims that she was

12  tricked into dealing with CPS after being informed that the agency would assist her with finding

13  housing.  *Id*.  Instead of assisting plaintiff, CPS allegedly took her children and are now

14  attempting to have them adopted.  *Id*. at 5-6.

15    These allegations are too vague and conclusory to provide defendants with sufficient

16  notice of the factual basis for plaintiff's claim(s).  *Jones v. Community Redev. Agency*, 733 F.2d

17  646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

18  which defendants engaged in that support plaintiff's claim.  *Id*.  The allegations must be short and

19  plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz

20  v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119,

21  1125 (9th Cir. 2002).  Plaintiff's complaint does not identify any specific cause of action, nor

22  does it identify the specific statute defendants purportedly violated.

23    Plaintiff's allegations suggest that she is attempting to allege a 42 U.S.C. § 1983 claim for

24  violating her right to familial association under the Fourteenth Amendment.  *See Zion v. Cnty. of

25  Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017) ("Parents have a Fourteenth Amendment liberty

26  interest in the companionship and society of their children.") (quotations omitted).  The right to

27  familial association is violated where "a state official removes children from their parents without

28  their consent, and without a court order, unless information at the time of the seizure, after

3

1   reasonable investigation, establishes reasonable cause to believe that the child is in imminent

2   danger of serious bodily injury, and the scope, degree, and duration of the intrusion are

3   reasonably necessary to avert the specific injury at issue." *Keates v. Koile*, 883 F.3d 1228, 1237-

4   38 (9th Cir. 2018). The complaint's allegations are conclusory and fail to explain how the

5   removal of her children was improper.

6          Furthermore, the complaint does not allege that plaintiff's children were improperly

7   removed pursuant to a policy or custom, which is required to assert a claim against an agency,

8   such as defendant CPS. *Villegas v. Gilroy Garlic Festival Ass'n*, 951 F.3d 950, 957 (9th Cir.

9   2008) (a municipality or its departments is liable under section 1983 only if plaintiff shows that

10  his injury was caused by employees acting pursuant to the municipality's policy or custom).

11         Accordingly, plaintiff's second amended complaint must be dismissed for failure to state a

12  claim. Plaintiff is granted leave to file an amended complaint. Any amended complaint must

13  allege a cognizable legal theory against a proper defendant and contain sufficient facts in support

14  of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the

15  amended complaint shall clearly set forth the allegations against each defendant and shall specify

16  a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's

17  claims in "numbered paragraphs, each limited as far as practicable to a single set of

18  circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-

19  spaced text on paper that bears line numbers in the left margin, as required by Eastern District of

20  California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings

21  to delineate each claim alleged and against which defendant or defendants the claim is alleged, as

22  required by Rule 10(b), and must plead clear facts that support each claim under each header.

23         Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

24  make an amended complaint complete. Local Rule 220 requires that an amended complaint be

25  complete in itself. This is because, as a general rule, an amended complaint supersedes the

26  original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once

27  plaintiff files an amended complaint, the original no longer serves any function in the case.

28  /////

1    Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

2    alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

3    1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*

4    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to

5    comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

6    may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

7    III.    Motions to Transfer State Court Case and Compel Production of Documents

8            Plaintiff also moves to have her state court child custody case transferred to this court,

9    arguing that she will not be able to get a fair trial in state court. ECF No. 9. That motion must be

10   denied. Aside from lacking authority to issue a writ of mandamus directed at the state court,

11   *Demos v. U.S. District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991), this court lacks jurisdiction

12   over matters involving child custody decrees pursuant to the domestic relations exception to

13   federal jurisdiction. That exception "divests the federal courts of power to issue divorce, alimony

14   and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Coats*

15   *v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (courts "traditionally decline to exercise jurisdiction

16   in domestic relations cases when the core issue involves the status of parent and child or husband

17   and wife.").

18           Plaintiff also moves to compel defendant CPS to produce all documents related to the

19   removal of her children. Because plaintiff has yet to state a claim and, consequently, defendant

20   has not appeared in this action, her motion to compel is denied. *See* Fed. R. Civ. P. 26(d)

21   (prohibiting parties from engaging in discovery until they have conferred as required by Rule

22   26(f)).

23           Accordingly, IT IS ORDERED that:

24           1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF Nos. 2 & 7) is granted.

25           2. Plaintiff's motion to file documents electronically (ECF No. 6) is denied.

26           3. Plaintiff's motion to compel the production of documents (ECF No. 11) is denied.

27           4. Plaintiff's second amended complaint is dismissed with leave to amend, as provided

28   herein.

5

1     5. Plaintiff is granted thirty days from the date of service of this order to file an amended

2    complaint. The amended complaint must bear the docket number assigned to this case and must

3    be labeled "Third Amended Complaint." Failure to timely file an amended complaint in

4    accordance with this order will result in a recommendation this action be dismissed.

5     Further, it is RECOMMENDED that plaintiff's motion to transfer her state court child

6    custody case to federal court (ECF No. 9) be denied.

7     These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties. Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

12   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

13   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14   DATED: March 4, 2020.

15

16              EDMUND F. BRENNAN
                  UNITED STATES MAGISTRATE JUDGE